

One Grand Central Place  Tel 212.689.8808
60 East 42nd Street, 48th Floor  Fax 212.689.5101
New York, New York 10165  www.hnrklaw.com

**MEMO ENDORSED**

hhechtkopf@hnrklaw.com

April 27, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/27/2021

**Via ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Kellie Walker v. Triborough Bridge and Tunnel Authority, et al, No. 21-CV-0474 (VEC)

Dear Judge Caproni:

We represent the Defendants, Triborough Bridge and Tunnel Authority, d/b/a MTA Bridges and Tunnels, Victor Muallem and Sharon Gallo-Kotcher in the above-referenced action.

As the Court is aware, Defendants moved to dismiss Plaintiff's Complaint in its entirety on April 12, 2021. (Dkt. No. 18.)   On April 13, 2021, this Court set a briefing schedule for the motion, requiring the Plaintiff to respond to the motion or amend her Complaint by May 11, and Defendants to submit a reply by May 25 if Plaintiff opposes the motion.  (Dkt. No. 21.)

Given the pendency of Defendants' motion to dismiss, the Defendants respectfully request that the Court adjourn the Initial Pretrial Conference currently scheduled for May 7, 2021, in the interest of judicial economy.

Plaintiff's counsel informed defense counsel that she does not consent to this request and that she intends to "push ahead expeditiously with discovery."  Defendants, therefore, respectfully request that the Court stay discovery in this matter pending the outcome of Defendants' dispositive motion.  *See* Fed. R. Civ. P. 26(c) (allowing a stay of discovery for "good cause shown");  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery in employment litigation where "there are substantial claims made that the allegations fail to adequately set forth even minimal facts to support a cause of action against the named individual defendants, as well as several of the federal and state causes of action, including those causes alleged under Sections 1981, 1983 and 1985").

With regard to whether to stay proceedings, "courts in the Second Circuit examine the following five factors:  (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Catskill Mountains*

Honorable Valerie E. Caproni
April 27, 2021
Page 2



*Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009). These factors weigh heavily in favor of staying litigation in this matter.

There would be no prejudice to Plaintiff if discovery is stayed pending the outcome of the motion to dismiss, or her amendment of the Complaint. This Court has set a briefing schedule requiring that the motion to dismiss be fully briefed within five weeks. There would be no undue delay to Plaintiff's case. "'A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)).

Moreover, if Defendants prevail and their motion is dismissed, all of Plaintiff's federal claims will be dismissed. If Plaintiff were to pursue her state law assault and battery claims in state court, the scope of discovery in state court will be based on just those claims.

Finally, in terms of prejudice to Defendants, the Defendants – and the Court – would be burdened by having to spend money and judicial resources on discovery relating to discrimination claims that are not legally viable.

In addition to the above factors, "a court should also consider the strength of the dispositive motion that is the basis of the application." *Niv v. Hilton Hotels Corp.,* No. 06 CIV. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007). There is no doubt that Defendants' motion to dismiss, based on pleading and legal insufficiencies in Plaintiff's case, is potentially dispositive and certainly strong enough to merit a stay of discovery pending its outcome. *See, e.g., Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (noting that, "while not ruling on the merits of the Motions to Dismiss, the Court emphasizes that Defendants have made several substantial arguments in favor of dismissal of this suit", and granting letter motion for a stay of discovery).

We thank the Court in advance for its attention to this request.

Respectfully submitted,

Helene R. Hechtkopf

cc: All counsel of record, via ECF

---

Defendants' request to adjourn the May 7, 2021 IPTC is DENIED. The parties must submit their joint letter and proposed Case Management Plan by April 29, 2021, pursuant to the Court's prior order. The parties should also be prepared to discuss Defendants' request to stay discovery at the May 7 IPTC.

SO ORDERED.

*Valerie Caproni*
4/27/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE